S UNITED STATES DITRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **BERNARD JEMISON, JR.,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-02282-VEH-HGD |
| ) | |
| **CAPTAIN RICHARD CARTER,** ) | |
| et al., ) | |
| ) | |
| **Defendants** ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a Report and Recommendation on May 25, 2010, recommending that: (1) the defendants' motion for summary judgment as to the plaintiff's claims against them, in their official capacities for monetary relief, be granted; (2) defendants Sanders's and Byers's motion for summary judgment as to the plaintiff's Eighth Amendment excessive force claims against them be denied; (3) defendant Carter's motion for summary judgment as to the plaintiff's Eighth Amendment failure to protect claim against him be denied; and (4) defendants Sanders's, Byers's, and Carter's motion for summary judgment as to the plaintiff's Eighth Amendment claims against them on the basis of qualified immunity be denied. The parties were allowed fourteen (14) days in which to file written objections to the

Magistrate Judge's Report and Recommendation. On June 3, 2010, the plaintiff filed objections. (Doc. #42). On June 22, 2010, the plaintiff filed a "Motion to Reconsider," which will also be construed as an objection, albeit untimely, to the Magistrate Judge's Report and Recommendation. (Doc. #43).

Upon review of the plaintiff's objections, it appears he is under the mistaken belief that his request for monetary relief will be foreclosed if the Magistrate Judge's Report and Recommendation is accepted. (Docs. #42 & #43). Specifically, the plaintiff writes in his objections, "In the 'Report and Recommendation' ruling the court construed plaintiff's motion as suing the defendants (prison officials) in their official capacity, thus prohibiting him from seeking monetary damages in this action." (Doc. #43 at 1). He argues that his complaint "should have been interpreted as suing defendants in their individual capacity . . . ." (Doc. #42 at 1-2).

The plaintiff is advised that the magistrate judge liberally construed the plaintiff's complaint to allege claims against the defendants in both their official **and** individual capacities. (Doc. #41 at 7). It was recommended that the plaintiff's claims against the defendants in their **official** capacities for money damages be dismissed pursuant to Eleventh Amendment immunity.[1]  *Id.*  The remainder of the Report and

---

[1] The plaintiff states in his objections that he "agree's (sic) that defendants cannot be sued for monetary damages in their official capacity under the eleventh amendment." (Doc. #42 at 2).

Recommendation addressed the plaintiff's claims against the defendants in their **individual** capacities for monetary and injunctive relief.  The magistrate judge recommended that the defendants' motion for summary judgment be denied as to the plaintiff's excessive force and failure to protect claims against the defendants, in their individual capacities, and that those claims proceed.  Therefore, the plaintiff's claims against the defendants, in their individual capacities for monetary and injunctive relief, are still viable.

 Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and the objections thereto, the court is of the opinion that the magistrate judge's Report is due to be and is hereby **ADOPTED** and the magistrate judge's Recommendation is **ACCEPTED**. The court **EXPRESSLY FINDS** as follows:

 1. There are no genuine issues of material fact as to the plaintiff's claims against the defendants in their official capacities for monetary relief.  Therefore, the defendants' motion for summary judgment is due to be granted to the extent they are sued in their official capacities for monetary relief;

 2. There are genuine issues of material fact as to the plaintiff's Eighth Amendment excessive force claims against defendants Sanders and Byers.  Therefore, Sanders's and Byers's motion for summary judgment is due to be denied;

3. There are genuine issues of material fact as to the plaintiff's Eighth Amendment failure to protect claim against Defendant Carter. Therefore, Carter's motion for summary judgment is due to be denied; and

4. Defendants Sanders's, Byers's, and Carter's motion for summary judgment as to the plaintiff's Eighth Amendment excessive force and failure to protect claims on the basis of qualified immunity is due to be denied.

An appropriate order will be entered.

**DONE** this the 3rd day of August, 2010.

*/s/ Virginia Emerson Hopkins*

**VIRGINIA EMERSON HOPKINS**
United States District Judge